USDC-SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC#:
DATE FILED: 01/06/2022

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

AARON COMMEY,

                Plaintiff,

                v.

ERIC ADAMS, in his official capacity as
Mayor of the City of New York,

                Defendant.

22-CV-0018 (RA)

ORDER

RONNIE ABRAMS, United States District Judge:

       Plaintiff, proceeding *pro se*, brings this case against Eric Adams in his official capacity as Mayor of the City of New York. Plaintiff challenges the constitutionality of the "Key to the City" Executive Order ("the Executive Order"), which requires that patrons of establishments providing indoor entertainment services, food services, fitness services, and certain event space services show proof of having received an approved COVID-19 vaccine. In his Complaint, he alleges that the Executive Order violates his First Amendment and Fourteenth Amendment rights. On December 30, 2021, Plaintiff filed a "Motion for a Temporary Restraining Order (TRO) and Temporary Injunctions," which the Court received on January 3, 2022. In his affidavit in support of his motion, Plaintiff asserts that as a result of the Executive Order, he has been "unable to make use of [his] gym membership and ha[s] had to pause it"; has been "unable to go [to] sporting events, movie theaters or to eat inside restaurants"; and has been "unable to participate in political events and gatherings held in any of the spaces covered by the Key to NYC." Based on these allegations, Plaintiff argues that he is suffering irreparable harm by being deprived of his First

Amendment right to receive ideas, his First Amendment rights of association and assembly, and his Fourteenth Amendment rights to substantive and procedural due process.[1]

The Court construes Plaintiff's motion as a request for a temporary restraining order only, and not as a request for a preliminary injunction. *See* Motion at 1 (explaining that "[i]t is essential that the court issue the requested temporary restraining order . . . because . . . plaintiff will continue to suffer immediate loss and damage before notice could be given and the government could be heard on a motion for a preliminary injunction"). That said, "[t]he standards for granting a temporary restraining order and a preliminary injunction pursuant to Rule 65 . . . are identical." *Nat'l Coal. on Black Civic Participation v. Wohl*, 498 F. Supp. 3d 457, 469 (S.D.N.Y. 2020). Accordingly, to prevail, Plaintiff must demonstrate "that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." *Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 20 (2008). He may also succeed on the first prong by showing sufficiently serious questions going to the merits of his claims as to make them a fair ground for litigation, as well as a balance of hardships tipping decidedly in his favor. *See UBS Fin. Servs., Inc. v. W.V. Univ. Hosps., Inc.*, 660 F. 3d 643, 648 (2d Cir. 2011). Preliminary injunctive relief "is an extraordinary and drastic remedy, one that should not be granted unless the movant, by a clear showing, carries the burden of persuasion." *Moore v. Consol. Edison Co. of N.Y., Inc.*, 409 F.3d 506, 510 (2d Cir. 2005) (internal quotation marks and citation omitted). "Though impairment of First Amendment rights can undoubtedly constitute irreparable injury . . . it often will be more

---

[1] Plaintiff also asserts in his motion that the Executive Order violates (1) freedom of religion and (2) both the Fourteenth Amendment's guarantee of substantive due process and the Eighth Amendment's prohibition on cruel and unusual punishment because of its purported denial of the right to earn a living and provide for one's basic needs. Plaintiff has alleged no facts, however, supporting his standing to raise such claims; that is, he does not allege that he did not receive a vaccine for religious reasons or that he has been precluded from obtaining or maintaining employment.

appropriate to determine irreparable injury by considering what adverse factual consequences the plaintiff apprehends if an injunction is not issued, and then considering whether the infliction of those consequences is likely to violate any of the plaintiff's rights." *Time Warner Cable of New York City v. Bloomberg L.P.*, 118 F.3d 917, 924 (2d Cir. 1997) (citation omitted).

Plaintiff has not demonstrated either a likelihood of success on the merits of his claims or sufficiently serious questions going to their merits to make them a fair ground for litigation plus a balance of hardships tipping decidedly in his favor. Courts in this Circuit have repeatedly held that the Executive Order in question likely does not violate the First Amendment. *See, e.g.*, *Clementine Co. LLC. v. de Blasio*, No. 21-cv-7779, 2021 WL 5756398, at *11-14 (S.D.N.Y. Dec. 3, 2021) (denying preliminary injunction motion brought by plaintiffs that alleged that the Executive Order violated their First Amendment rights); *Dixon v. de Blasio*, No. 21-cv-5090 (BMC), 2021 WL 4750187, at *7-8, *9-10 (E.D.N.Y. Oct. 12, 2021) (denying preliminary injunction motion brought by plaintiffs that alleged that the Executive Order violated their freedom of religion rights and freedom of association rights). Moreover, courts in this Circuit have repeatedly rejected First Amendment challenges and due process challenges (both substantive and procedural) to similarly restrictive orders imposed to prevent the spread of COVID-19. *See, e.g.*, *Hopkins Hawley LLC v. Cuomo*, 518 F. Supp. 3d 705, 716 (S.D.N.Y. 2021) (finding that plaintiffs challenging indoor dining restrictions were unlikely to succeed on the merits of their freedom of assembly claim); *Heidel v. Hochul*, No. 20-cv-10462 (PKC), 2021 WL 4942823, at *12-13 (S.D.N.Y. Oct. 21, 2021) (concluding that plaintiffs failed to plausibly allege that restrictions on indoor dining shocked the conscience or otherwise violated substantive due process); *Lipsman v. Cortes-Vazquez*, No. 21-cv-4631 (JMF), 2021 WL 5827129, at *2 (S.D.N.Y. Dec. 7, 2021) (collecting cases finding that various COVID-19-related restrictions did not shock the conscience);

*Our Wicked Lady LLC v. Cuomo*, No. 21-cv-0165 (DLC), 2021 WL 915033, at *5 (S.D.N.Y. Mar. 9, 2021) (explaining that challenged executive orders restricting indoor dining that applied prospectively to all restaurants in the city were "not subject to the notice and hearing requirements" of the Due Process Clause because they were legislative in nature).  For similar reasons, the Court finds that Plaintiff is unlikely to succeed on the merits of his constitutional claims.  Accordingly, Plaintiff's motion for a TRO is denied.

If Plaintiff has served Defendant within 90 days of the filing of his Complaint, he may renew his request for preliminary relief by filing a motion for a preliminary injunction, to which Defendant will have the opportunity to respond.

The Clerk of Court is respectfully directed to mail a copy of this order to Plaintiff and to note service on the docket.

SO ORDERED.

Dated:   January 6, 2022
         New York, New York

                                             _____
                                                       RONNIE ABRAMS
                                                 United States District Judge

4