UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

USDC-SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC#:
DATE FILED: 08/11/2022

AARON COMMEY,

            Plaintiff,

v.

ERIC ADAMS, in his official capacity as Mayor of the City of New York, and DAVE A. CHOKSHI, in his official capacity as Commissioner of the New York City Department of Health and Mental Hygiene,

            Defendants.

No. 22-CV-0018 (RA)

MEMORANDUM
OPINION AND ORDER

RONNIE ABRAMS, United States District Judge:

    Plaintiff Aaron Commey, proceeding *pro se*, brings this case against Eric Adams in his official capacity as Mayor of the City of New York and Dave A. Chokshi in his official capacity as Commissioner of the New York City Department of Health and Mental Hygiene.[1] Plaintiff alleges that two city-wide orders that were enacted to combat the spread of COVID-19 are unconstitutional. First, he challenges the "Key to the City" Executive Order ("Key to NYC"), which required, among other things, that patrons of establishments providing indoor entertainment services, food services, fitness services, and certain event space services showed proof of having received an approved COVID-19 vaccine. Second, he challenges an order issued by the Commissioner of Health ("COH Order"), which requires non-governmental entities that employ more than one worker to exclude from the workplace any employee who has not provided proof

---

[1] On March 15, 2022, Ashwin Vasan assumed office as the current Commissioner of the Department of Health and Mental Hygiene. Because the Court is dismissing Plaintiff's claims, there is no need to update the caption.

of vaccination or has been denied a reasonable accommodation. Plaintiff alleges that these orders violate his First Amendment, Eighth Amendment, and Fourteenth Amendment rights.

On January 6, 2022, the Court denied Plaintiff's motion for a temporary restraining order to enjoin the enforcement of Key to NYC. Now before the Court is Plaintiff's motion for a preliminary injunction to enjoin the enforcement of the COH Order, as well as Defendants' motion to dismiss Plaintiff's Amended Complaint in its entirety. For the reasons that follow, Defendants' motion to dismiss is granted. Because Plaintiff has failed to state a plausible claim for relief, his motion for a preliminary injunction is denied.

## BACKGROUND

The Court draws the following facts from Plaintiff's original complaint, his Amended Complaint, his affidavit in support of his motion for a temporary restraining order, and his affidavit in support of his preliminary injunction motion.[2] It also cites public executive orders that are attached to or incorporated by reference into Plaintiff's pleadings. *See Brass v. Am. Film Technologies, Inc.*, 987 F.2d 142, 150 (2d Cir. 1993).

Plaintiff is a resident of Bronx County and has been employed as a porter in a residential building since April of 2016. Commey Preliminary Injunction Aff. ¶¶ 1, 3. He has not received any of the vaccines for COVID-19. *Id.* ¶ 2. Plaintiff explains that, as a porter, he "was considered an essential worker throughout the 2020 lockdowns and worked the entire year without taking a single sick day." *Id.* ¶ 4. Since the pandemic began, he has not experienced any symptoms of COVID-19 or tested positive for the virus. *Id.* ¶ 8.

---

[2] Given Plaintiff's *pro se* status, the Court finds it appropriate to consider any relevant facts that he raises throughout his pleadings and affidavits. *Cf. Walker v. Schult*, 717 F.3d 119, 122 n.1 (2d Cir. 2013) ("A district court deciding a motion to dismiss may consider factual allegations made by a *pro se* party in his papers opposing the motion."); *Briggs v. SCO Fam. of Servs.*, No. 16-CV-3882 (GRB) (SIL), 2021 WL 7209010, at *2 (E.D.N.Y. Oct. 20, 2021) (considering a *pro se* plaintiff's allegations set forth in prior complaints and their respective attachments).

On August 16, 2021, then-Mayor Bill de Blasio enacted Emergency Executive Order 225, known as "Key to NYC." *See* Morse Dec. Ex. 1. As relevant here, Key to NYC required covered entities—including but not limited to indoor entertainment settings, commercial event spaces, convention centers, food services establishments, and gyms—to deny a patron entry if the patron did not display proof of vaccination and identification. *Id.* §§ 1, 5(c). Key to NYC was periodically renewed by then-Mayor de Blasio and Mayor Adams until it was allowed to expire on March 7, 2022. *See* City of New York, Office of the Mayor, Emergency Executive Order No. 50 (March 4, 2022), *available at* https://www1.nyc.gov/assets/home/downloads/pdf/executive-orders/2022/eeo-50.pdf. It has not since been renewed. Plaintiff alleges that as a result of Key to NYC, he was "unable to go to various dine in restaurants, movie theaters, and to the gym he ha[d] paused his membership in." Compl. ¶ 9. In his affidavit in support of his request for a TRO, he also asserted that he is "politically active" and had previously "attended and participated in political gatherings and events" held in public spaces, but had been "unable to participate in political events and gatherings held in any of the spaces covered by the Key to NYC." Commey TRO Aff. ¶¶ 3, 10.

On December 13, 2021, Commissioner Chokshi enacted the COH Order, which remains in effect today. As relevant here, the COH Order provides that as of December 27, 2021, "workers must provide proof of vaccination . . . to a covered entity before entering the workplace, and [the employer] must exclude from the workplace any worker who has not provided such proof." Morse Dec. Ex. 3 ("COH Order") § 1. Covered entities include "a non-governmental entity that employs more than one worker in New York City or maintains a workplace in New York City." *Id.* § 4(a)(i). Workers are not subject to the COH Order if, among other things, they work from home and their employment does not involve in-person interaction, or if they enter the workplace for a

quick and limited purpose. *Id.* § 4(d). The COH Order clarifies that nothing in it "shall be construed to prohibit reasonable accommodations for medical or religious reasons." *Id.* § 5.

In support of his action, Commissioner Chokshi found that, because "COVID-19 spreads when an infected person exhales the virus and these are breathed in by other people or land on their eyes, noses, or mouth, with people closer than 6 feet from the infected person most likely to get infected," the risk of COVID-19 transmission was "greater in workplace settings because of close proximity to others and the sharing of office space and facilities such as restrooms, elevators, lobbies, meeting and break rooms, and other common areas." *Id.* at 1. He further found that, according to a Yale University study, the City's existing "vaccination campaign was estimated to have prevented about 250,000 COVID-19 cases, 44,000 hospitalizations and 8,300 deaths from COVID-19 infection since the start of vaccination through July 1, 2021." *Id.* He therefore concluded that "a system of vaccination that requires employers to implement vaccination policies for their employees will potentially save lives, protect public health, and promote public safety." *Id.* at 2.

As a result of the COH Order, Plaintiff is currently on leave from his place of employment and has thus lost access to health, dental, and life insurance. Commey Preliminary Injunction Aff. ¶¶ 3, 5. Since being placed on leave, he has been unable to secure a reliable source of income; specifically, although he has attempted to start an online business, it has not generated significant income as of May 20, 2022. *Id.* ¶¶ 9-10. Plaintiff asserts that without injunctive relief he believes he will be "financially unable to meet [his] basic needs." *Id.* ¶ 6.

## LEGAL STANDARDS

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556

U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged," *id.*; claims that are merely "conceivable" or "consistent with" liability are insufficient, *Twombly*, 550 U.S. at 545, 570. In evaluating a motion to dismiss under Rule 12(b)(6), a court must "accept as true all factual statements alleged in the complaint and draw all reasonable inferences in favor of the non-moving party." *Vietnam Ass'n for Victims of Agent Orange v. Dow Chem. Co.*, 517 F.3d 104, 115 (2d Cir. 2008). The Court need not, however, credit factual statements that are conclusory, *see Pyskaty v. Wide World of Cars, LLC*, 856 F.3d 216, 225 (2d Cir. 2017), or "threadbare recitals of the elements of the cause of action, supported by mere conclusory statements," *Iqbal*, 556 U.S. at 678.

The Court must liberally construe a *pro se* plaintiff's allegations and "interpret [them] to raise the strongest arguments that they suggest." *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006).[3]

## DISCUSSION

**I.     Plaintiffs' Challenges to Key to NYC Are Dismissed as Moot**

It is undisputed that Key to NYC expired on March 7, 2022 as it applied to patrons and has not since been renewed. This renders Plaintiff's challenges to that executive order moot. *See Remauro v. Adams*, No. 21-CV-4553 (ARR) (TAM), 2022 WL 1525482, at *3 (E.D.N.Y. May 13, 2022) (holding that a challenge to Key to NYC that plaintiffs brought in their capacity as patrons was moot upon its expiration). "Put simply, [this Court] cannot enjoin what no longer exists." *Id.* (quoting *Exxon Mobil Corp. v. Healey*, 28 F.4th 383, 393 (2d Cir. 2022)). *Accord Dixon v. DeBlasio*, No. 21-2666, 2022 WL 961191, at *1 (2d Cir. Mar. 28, 2022) (granting a motion to

---

[3] Unless otherwise noted, case quotations omit all internal quotation marks, citations, alterations, and footnotes.

dismiss the appeal of the denial of a preliminary injunction as moot when the appellants had challenged Key to NYC and the program was discontinued); *Dark Storm Indus. LLC v. Hochul*, No. 20-CV-2725, 2021 WL 4538640, at *1 (2d Cir. Oct. 5, 2021) (holding that a challenge to COVID-19-related executive orders that were later rescinded was moot).

Although Plaintiff does not argue that any exceptions to mootness apply, the Court has undertaken its own review and—for substantially the same reasons as those articulated by Judge Ross in *Remauro v. Adams*—concludes that neither the "voluntary cessation of unlawful conduct" exception nor the "capable of repetition yet evading review" exception is present here. *See* 2022 WL 1525482, at *3-4; *see also Dark Storm Indus. LLC*, 2021 WL 4538640, at *1. Accordingly, it dismisses Plaintiff's various challenges to Key to NYC as moot.

## II.     Plaintiff's Challenges to the COH Order Fail to State a Claim

Plaintiff's primary challenge to the COH Order is a substantive due process claim, in which he alleges that the Order deprives him of the constitutional right to pursue employment. "[C]ourts in this Circuit have uniformly recognized the validity of vaccine requirements imposed by the City . . . when challenged on substantive due process grounds." *Marciano v. de Blasio*, No. 21-CV-10752 (JSR), 2022 WL 678779, at *9 (S.D.N.Y. Mar. 8, 2022) (collecting cases). This Court reaches the same conclusion.

"Substantive due process rights safeguard persons against the government's exercise of power without any reasonable justification in the service of a legitimate governmental objective." *Southerland v. City of New York*, 680 F.3d 127, 151 (2d Cir. 2012). "The first step in substantive due process analysis is to identify the constitutional right at stake." *Kaluczky v. City of White Plains*, 57 F.3d 202, 211 (2d Cir. 1995). The Supreme Court "has indicated that the liberty component of the Fourteenth Amendment's Due Process Clause includes some generalized due

process right to choose one's field of private employment." *Conn v. Gabbert*, 526 U.S. 286, 291-92 (1999). This right is, however, "subject to reasonable government regulation." *Id.* at 292 (discussing licensing requirements). *Accord New Motor Vehicle Bd. of California v. Orrin W. Fox Co.*, 439 U.S. 96, 107 (1978) ("[T]he right to conduct a business, or to pursue a calling, may be conditioned."). Indeed, "the Supreme Court, [the Second] Circuit, and the other Circuits addressing the issue have all indicated that the right of occupational choice is afforded Due Process protection only when a plaintiff is completely prohibited from engaging in his or her chosen profession." *Hu v. City of New York*, 927 F.3d 81, 102 (2d Cir. 2019). Relying on this principle, "[c]ourts in this Circuit have held that unless the defendants denied plaintiff all opportunities to practice in a chosen profession, then there was no substantive due process violation, even if the defendants' actions made it more difficult to do so." *Maniscalco v. New York City Dep't of Educ.*, 563 F. Supp. 3d 33, 38 (E.D.N.Y. 2021), *aff'd*, No. 21-2343, 2021 WL 4814767 (2d Cir. Oct. 15, 2021), *cert. denied*, 142 S. Ct. 1668 (2022).

As an initial matter, the Court notes that while the COH Order "may render it more difficult" for Plaintiff to work as a porter while he is unvaccinated, he may still pursue such work outside of New York City without obtaining a vaccine. *Cf. id.* at 39 (finding that a DOE vaccine mandate did not absolutely bar plaintiffs from pursuing their calling because they could, among other things, "pursue teaching or paraprofessional jobs at . . . public and private schools outside of New York City"). And more generally, Plaintiff may pursue his chosen profession within New York City as long as he meets the condition of vaccination. Thus, to the extent Plaintiff may have a fundamental right to work as a porter, that right has not been completely denied by the COH Order.

To the extent Plaintiff's due process challenge is, in effect, a challenge to the condition that he be vaccinated in order to pursue his chosen employment in New York City, such a challenge fails because "[b]oth [the Second Circuit] and the Supreme Court have consistently recognized that the Constitution embodies no fundamental right that in and of itself would render vaccine requirements imposed in the public interest, in the face of a public health emergency, unconstitutional"—even when those requirements implicate the ability to pursue a certain profession. *We The Patriots USA, Inc. v. Hochul*, 17 F.4th 266, 293 (2d Cir. 2021), *cert. denied sub nom. Dr. A. v. Hochul*, 142 S. Ct. 2569 (2022) (rejecting a due process challenge to New York's healthcare worker vaccine mandate). For this reason, "[t]he City's Executive Orders requiring vaccination for subsets of City workers have been challenged unsuccessfully in this Circuit." *Abadi v. City of New York*, No. 21-CV-8071 (PAE), 2022 WL 347632, at *4 (S.D.N.Y. Feb. 4, 2022) (denying a preliminary injunction to a plaintiff challenging a vaccination requirement for city employees). *Accord Marciano*, 2022 WL 678779, at *8-9 (dismissing a city employee's substantive due process claim challenging an order requiring city employees to be vaccinated); *Maniscalco*, 563 F. Supp. at 38-39 (denying a preliminary injunction to plaintiffs challenging the New York City Department of Education's vaccine mandate).

In rejecting such challenges, both the Second Circuit and district courts within this Circuit have recognized the continued vitality of *Jacobson v. Massachusetts*, 197 U.S. 11 (1905), in which the Supreme Court sustained a city-wide vaccine mandate that contained no exceptions and that imposed criminal penalties on those who refused vaccination. *See, e.g.*, *We The Patriots*, 17 F.4th at 293 (explicitly confirming that *Jacobson* remains good law). District courts assessing recent vaccine mandates under *Jacobson* have concluded that "the state may curtail constitutional rights in response to a society-threatening epidemic so long as the measures have at least some 'real or

8

substantial relation' to the public health crisis and are not 'beyond all question, a plain, palpable invasion of rights secured by the fundamental law.'" *Columbus Ale House, Inc. v. Cuomo*, 495 F. Supp. 3d 88, 92 (E.D.N.Y. 2020) (quoting *Jacobson*, 197 U.S. at 31). "Mandating a vaccine approved by the FDA" does not qualify as a plain or palpable invasion of such rights. *Maniscalco*, 563 F. Supp. 3d at 39.[4]

Moreover, there is little question that the COH Order has a real or substantial relation to the COVID-19 crisis. *See, e.g.*, *Abadi*, 2022 WL 347632, at *6 (finding that the vaccination mandate for city employees "plainly relate[d] to public health objectives"). As another court observed when assessing a prior vaccine mandate under an equal protection challenge, it is reasonable "to conclude that requiring vaccination for those who work with others would prevent the spread of COVID-19 infections throughout the workplace and prevent workers from missing work due to illness." *Cf. Brock v. City of New York*, No. 21-CV-11094 (AT) (SDA), 2022 WL 479256, at *6 (S.D.N.Y. Jan. 28, 2022). Indeed, the Commissioner specifically found that the risk of COVID-19 transmission was "greater in workplace settings because of close proximity to others and the sharing of office space and facilities such as restrooms, elevators, lobbies, meeting and break rooms, and other common areas" such that "a system of vaccination that requires employers to implement vaccination policies for their employees will potentially save lives, protect public health, and promote public safety." COH Order at 1-2. Given these findings, the Court cannot conclude that the COH Order has no real or substantial relationship to the COVID-19 crisis. It thus passes constitutional scrutiny under *Jacobson*.

---

[4] Indeed, the Second Circuit has emphasized the ways in which New York's recent vaccine mandates are less harsh than the mandate in *Jacobson*, because they make vaccination a condition of employment rather than forcibly vaccinating individuals. *See We The Patriots*, 17 F.4th at 293-94. So too here. Not only does the COH Order make vaccination a condition of employment as opposed to mandating it, but it allows exceptions for medical or religious purposes and does not apply to remote employment.

Plaintiff takes issue with the fact that the COH Order remains in effect while Key to NYC has expired, arguing that it is illogical to allow patrons of establishments to be unvaccinated while mandating that employees of those establishments be vaccinated. But "even if [P]laintiff[] disagree[s] with it, the Order at issue represents a rational policy decision surrounding how best to protect [individuals] during a global pandemic." *Maniscalco*, 563 F. Supp. 3d at 39. For instance, Defendants may have legitimately decided that workers are in closer and more sustained proximity to other individuals than are patrons, making it logical to focus vaccination efforts on employees. *Cf. Dixon v. De Blasio*, 566 F. Supp. 3d 171, 186 (E.D.N.Y. 2021), *vacated as moot and remanded sub nom. Dixon v. DeBlasio*, No. 21-2666, 2022 WL 961191 (2d Cir. Mar. 28, 2022) ("New York City has a rational interest in preventing unvaccinated individuals from working in jobs that require heavy contact with the public."). Defendants may also have rationally determined that requiring New York City employees to be vaccinated would be a more targeted means of accomplishing the goal of vaccinating most New York residents—who both work in the city and patronize establishments in the city—without impacting non-New York City residents, who only patronize establishments in the city. "Although [P]laintiff[] argue[s] that there are other proven means of preventing the spread of COVID-19 . . . among them frequent testing and mask wearing, it is not shocking for the City to conclude that vaccination is the best way to do so." *Maniscalco*, 563 F. Supp. 3d at 40.[5]

In short, while the Court is sympathetic to Plaintiff's financial situation and to the difficult choice he must make if he wishes to continue working as a porter in New York City, it is unwilling to second-guess the rational public health and policy decisions made by Defendants in response to an unprecedented pandemic. As other judges have observed, "courts owe great deference to the

---

[5] For these same reasons, Plaintiff's challenge to the COH Order also survives rational basis review, to the extent such review is necessary.

protective measures ordered by government officials in response to the COVID-19 crisis, not simply because the virus has lethal consequences but also because the virus acts in unknown ways that engender uncertainty about what scope of protective measures are warranted." *Columbus Ale House, Inc.*, 495 F. Supp. 3d at 93. Paying heed to that deference, the Court concludes that the COH Order does not violate substantive due process.[6]

Plaintiff's other constitutional claims do not state a viable claim for relief. First, his procedural due process claim fails because the COH Order is legislative in nature and therefore "not subject to the [Due Process Clause's] notice and hearing requirements." *Interport Pilots Agency, Inc. v. Sammis*, 14 F.3d 133, 142 (2d Cir. 1994). Where adjudicative action involves a "decision . . . based on a determination of facts about the parties and their activities, businesses, and properties" and resolves "disputed facts in particular cases," *RR Vill. Ass'n, Inc. v. Denver Sewer Corp.*, 826 F.2d 1197, 1205 (2d Cir. 1987), legislative action has "general application and look[s] to the future," *Interport Pilots Agency*, 14 F.3d at 143. The COH Order applies prospectively to all New York City employers who employ more than one individual; it did not make a decision about Plaintiff's employment based on a determination of facts about his particular employment and circumstances. Accordingly—as multiple courts in this District have

---

[6] To the extent Plaintiff invokes the substantive due process right to refuse medical treatment or the right to bodily integrity, *see Cruzan by Cruzan v. Director of Missouri Dep't of Health*, 497 U.S. 261 (1990), the foregoing analysis also forecloses any such claim. *See Marciano*, 2022 WL 678779, at *8-9 (rejecting such a challenge to a prior vaccine mandate).

Nor, for similar reasons, does Plaintiff state a plausible claim that the COH Order violates due process because it "shocks the conscience." *Hopkins Hawley LLC v. Cuomo*, 518 F. Supp. 3d 705, 714 (S.D.N.Y. 2021). Government action shocks the conscience only when it is "arbitrary" or "outrageous." *Hefferan v. Corda*, 498 F. App'x 86, 89 (2d Cir. 2012). Courts in this Circuit have repeatedly concluded that state and city measures taken to prevent COVID-19—even drastic measures, such as prohibiting all indoor dining and requiring vaccination for all city employees—do not meet this high standard. *See, e.g.*, *Hopkins Hawley LLC*, 518 F. Supp. 3d at 714-15 (indoor dining prohibition); *Maniscalco.*, 563 F. Supp. 3d at 39-40 (vaccine mandate for DOE employees). For the reasons explained above, the Court rejects Plaintiff's argument that the COH Order is arbitrary because it has no basis in science. And in any event, substantive due process does not protect against "government action that is incorrect or ill advised." *Cunney v. Bd. of Trustees of Vill. of Grand View, N.Y.*, 660 F.3d 612, 626 (2d Cir. 2011).

previously found with respect to similar COVID-19-related executive orders—the Court determines that the COH Order is legislative in nature.[7] Second, Plaintiff's Eighth Amendment claim fails because the Cruel and Unusual Punishment Clause applies only to convicted individuals. *See Weyant v. Okst*, 101 F.3d 845, 856 (2d Cir. 1996).

Because Plaintiff would have to show a likelihood of success on the merits of his claims to obtain preliminary injunctive relief, *see Kane v. De Blasio*, 19 F.4th 152, 163 (2d Cir. 2021) (per curiam), the Court's conclusion that he fails to state a plausible claim requires the denial of his preliminary injunction motion.[8]

## CONCLUSION

For the foregoing reasons, Defendants' motion to dismiss is granted and Plaintiff's motion for preliminary injunctive relief is denied.

Although leave to amend should be freely granted—especially to *pro se* plaintiffs—it should be denied if the "futility of amendment" is clear. *Dluhos v. Floating and Abandoned Vessel, known as New York*, 162 F.3d 63, 69 (2d Cir. 1998). Here, the Court has dismissed Plaintiff's claims for their legal insufficiency, as opposed to any pleading deficiencies, meaning that "there

---

[7] Unlike public employees, Plaintiff does not have a protected property interest in continued employment. *Cf. Marciano*, 2022 WL 678779, at *9.

[8] Although the dismissal of Plaintiff's claims obviates the need to conduct a preliminary injunction analysis, the Court notes that, had it conducted such an analysis, Plaintiff would have failed to meet the other requirements for injunctive relief. First, Plaintiff has failed to establish irreparable harm. "It is well settled . . . that adverse employment consequences are not the type of harm that usually warrants injunctive relief because economic harm resulting from employment actions is typically compensable with money damages." *We The Patriots*, 17 F.4th at 294. *Accord Holt v. Cont'l Grp., Inc.*, 708 F.2d 87, 90-91 (2d Cir. 1983) ("[I]rreparable harm is not established in employee discharge cases by financial distress or inability to find other employment, unless truly extraordinary circumstances are shown."). Second, "[t]he balance of equities and the public interest also [would] weigh against granting Plaintiff injunctive relief here." *Brock*, 2022 WL 479256, at *6. "[C]ourts in this Circuit have routinely refrained from quarterbacking the government's response to the COVID-19 pandemic from the bench," *Clementine Co. LLC. v. de Blasio*, No. 21-CV-7779, 2021 WL 5756398, at *16 (S.D.N.Y. Dec. 3, 2021), and have instead concluded that "[w]here good faith arguments can be made on both sides of the many issues raised by the pandemic, it is up to local government, not the courts, to balance the competing public health and business interests," *Brock*, 2022 WL 479256, at *6. This Court agrees in full with that line of reasoning.

is no set of facts consistent with the allegations in the complaint which would entitle [P]laintiff to relief." *Margel v. E.G.L. Gem Lab Ltd.*, No. 04-CV-1514 (PAC) (HBP), 2010 WL 445192, at *4 (S.D.N.Y. Feb. 8, 2010). Leave to amend is thus denied as futile.

The Clerk of Court is respectfully directed to terminate the motions pending at docket numbers 20 and 25, close this case, and mail a copy of this Order to Plaintiff.

SO ORDERED.

Dated: August 11, 2022
New York, New York

Ronnie Abrams
United States District Judge